CHARLES McDANIELS v. SAMUEL W. WALKER JR. ET AL.

44 83
76 381|

*Settlement of estates—Emblements—Removal of crop.*

Under Act 138 of 1877 an intestate's estate is subject to sale for his debts for six years after his death, but except for this and for the jurisdiction of equity to restrain waste, the heirs' right of enjoyment during that time is absolute. *Held* that an heir who had sown a portion of the estate before a probate order for its sale was asked for, was entitled after the sale to cut and carry the crop away, and could maintain trespass against the purchaser and the administrator for interfering with his right of possession.

Wherever the law gives a right it gives the means necessary to its beneficial enjoyment.

Error to Wayne.   Submitted June 10.   Decided June 16.

TRESPASS.   Plaintiff brings error.   Reversed.

*Ward & Palmer* for plaintiff in error.   A tenant holding over three months after a foreclosure sale by sufferance of the purchaser, takes the emblements: *Allen v. Carpenter* 15 Mich. 38.   So does a tenant who hires land subject to the lien of a judgment and plants before the lien matures by sale into a title: *Bittinger v. Baker* 29 Penn. St. 66.

*Charles M. Swift* for defendants in error.   Unharvested wheat, even if partly cut, is real property until gathered: Schouler's Pers. Property 123 ; crops planted by the owner of the soil pass with the fee, 4 Kent's Com., § 468; 1 Washb. R. P., §§ 4–5 : 3 id. 625 ; *Tripp v. Hasceig* 20 Mich. 254 ; even though the sale be on foreclosure : *Scriven v. Moote* 36 Mich. 64 ; *Gillett v. Balcom* 6 Barb. 371 ; or execution : *Sallade v. James* 6 Barb. 144 ; growing crops pass by devise of the land : *Cooper v. Woolfitt* 2 H. & N. 122.

GRAVES, J.   April 5, 1877, the plaintiff's father, Levi McDaniels, died intestate, seized in fee of fifty acres of land in Wayne county, and leaving a widow and eight children.

November 9, 1877, letters of administration were issued to the defendant Walker, and commissioners on claims appointed. February 14, 1879, the latter filed their report containing an allowance of claims to the amount of $285.42. The widow and heirs were occupants of the farm, and they agreed between themselves that specific portions should be occupied in severalty, and pursuant to this arrangement the plaintiff on and prior to September 10, 1878, was in the exclusive possession and occupancy of the parcel of ten acres described in the declaration, and at that time he sowed it to wheat. November 25, 1878, the administrator petitioned for leave to sell the real estate so left by deceased and lawfully remaining in the enjoyment of the widow and heirs, for the purpose of paying the debts, and on the 24th of December the court granted leave to sell the ten acres held by the plaintiff. February 17, 1879, the administrator, pursuant to said license, sold and conveyed said parcel to William Brown, one of the defendants, who took possession of the land. July 15, 1879, the plaintiff was engaged in harvesting the wheat which had grown from this said sowing on such parcel, and the administrator, with the approbation of Brown and the assistance of the other defendants, entered and took the wheat away from the plaintiff, and disposed of it. The plaintiff brought trespass for the wheat, and the circuit judge ordered a verdict for the defendants.

The substantial question is, whether under the legal doctrine concerning emblements, the plaintiff was not entitled to the wheat and the free ingress, egress and regress in order to cut and carry it away, and we are satisfied he was. The estate descended to the heirs, but for the term of six years from the death of the intestate was subject to sale for the payment of debts under license from the probate court, and subject also, during the settlement of the estate, to the jurisdiction of the court of chancery against the commission of waste. Act 138, Public Acts of 1877, p. 126. Subject to these qualifications the estate of the heirs and the right of enjoyment were absolute. There is a concurrence of principles in the plaintiff's favor. Wherever it can be done con-

sistently with the rules of justice and equity, it is reasonable to encourage husbandry and the production of whatever is necessary to the support of human life. And it is also a general principle that wherever the law gives a right, it gives at the same time whatever is needful to its beneficial enjoyment.

When the wheat in controversy was sown, the possession and right of possession were in the plaintiff. He was entitled to the enjoyment to the exclusion of all others. Whether, for the purpose of settling the estate, the title and right of possession would be transferred was uncertain, and this state of uncertainty might continue for six years from the death of the intestate. In case the change should take place it would be by act of law and not by any act of the plaintiff. It was for the public advantage that the land should not lie fallow, and in order to favor its cultivation it was proper that the plaintiff should be under the protection of the rule which declares that he who sows shall reap. Again, the law gave him the succession and right of possession, and it is a natural presumption that the attending advantages were meant to be given also. It would be absurd to suppose that a barren occupancy was intended which might continue for several years.

An ancient application of the doctrine concerning emblements is worth citing. A lease was made to husband and wife during coverture, and the husband sowed the land, and afterwards they were divorced *causa præcontractus*. It was held that the husband, nevertheless, should have the emblements, and not the lessor; for although the suit was the act of the party, yet the sentence which dissolved the marriage was the judgment of the law. *Oland's Case* 5 Co. 116 *b*. See also *Bulwer v. Bulwer* 2 B. & A. 470.

So here the right and interest of the plaintiff were determined by an act of law which he was not in a condition to foresee, and he was entitled to the crop, and the interference complained of was undoubtedly a trespass, and he was entitled to recover for the wheat. As a crop in his ownership separate from the land, it was competent to sue defendants

for it as constructively severed, although a portion of it at the time of their forcible interference was still uncut.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.